IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE S. WIGGINS, | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | |
| | : | NO. 13-7504 |
| WAYNE J. GAVIN, et al., | : | |
| Respondents. | : | |

### REPORT AND RECOMMENDATION

**MARILYN HEFFLEY, U.S.M.J.**                                                                                    **July 29, 2014**

      This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Dwayne S. Wiggins ("Petitioner" or "Wiggins"), a prisoner incarcerated at the State Correctional Institution in Waymart, Pennsylvania.[1] For the reasons that follow, I recommend that the petition be denied.

### I.    FACTS AND PROCEDURAL HISTORY

      On November 1, 2004, Wiggins pled guilty to burglary, theft by deception, and two charges of criminal conspiracy in two separate cases pending in the Philadelphia County Court of Common Pleas. Commonwealth v. Wiggins, No. 2334 EDA 2010, No. 2335 EDA 2010, slip op. at 2 (Pa. Super. Ct. Aug. 21, 2012) (quoting trial court opinion, Oct. 28, 2010- State Ct. R. D-6). In both cases, Petitioner was sentenced to 11½ to 23 months imprisonment plus one year of reporting probation, to run concurrent with one another and any other sentence, and was ordered to complete a drug treatment program and pay restitution. Id.

      Wiggins was granted early parole on March 3, 2005, and was released from prison on September 6, 2005. On March 13, 2009, after multiple violations including failing to pay

---

[1] Pursuant to this court's January 28, 2014 order (Docket No. 2), Wiggins filed a revised petition for writ of habeas corpus including attachments (Docket No. 3) using the court's standard form for filing a petition pursuant to 28 U.S.C. § 2254. The revised petition, as docketed on ECF, will be referred to as the "Petition" and pages cited therein will refer to ECF pagination.

restitution and costs, absconding from supervision and drug treatment, testing positive for drug use, and a new conviction for possession with intent to deliver, Petitioner appeared before the court for a third violation hearing.  Id.  At that time, the court reviewed Wiggins' criminal history since this original appearance in 2004.  The court found that Wiggins was in direct violation of his probation and sentenced him to 10 to 20 years imprisonment on the burglary and conspiracy charges, to run concurrent with one another, but consecutive to any other sentence served.  Id.  Petitioner was also sentenced to 3½ to 7 years incarceration on the theft by deception and criminal conspiracy charges, resulting in an aggregate sentence of 13½ to 27 years incarceration.  Id. at 4.  Additionally, Wiggins was ordered to complete a drug treatment program, vocational training and upon release, to seek and maintain employment and pay restitution at a rate of $25.00 per month.  Id.

Wiggins' counsel filed a petition to vacate and reconsider the sentence.  The trial court, however, did not address the petition and no direct appeal was taken.  On June 11, 2009, Petitioner filed a pro se petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 et seq.  His appointed PCRA counsel filed an amended petition on April 30, 2010.

On July 14, 2010, Wiggins' appellate rights were reinstated nunc pro tunc with the Commonwealth's consent.  On August 11, 2010, Petitioner filed a notice of appeal with the Pennsylvania Superior Court as well as his statement of errors complained of on appeal pursuant to Pa. R. App. P. 1925(b).  Id.

Petitioner argued on appeal that the sentencing court abused its discretion because it did not have the benefit of a pre-sentencing report, he had a history of mental illness for which he had previously been prescribed psychotropic medication, and the sentence was "grossly

excessive, constituted too severe punishment, and was manifestly unreasonable in that the sentence deprived [him] of an individualized sentencing and was contrary to the fundamental norms which underlie the sentencing process." Id. at 4-5 (quoting Pet. at 8). On August 21, 2012, the Pennsylvania Superior Court affirmed the judgment of sentence. After reviewing the applicable law, the sentencing court's evaluation, and the sentencing judge's opinion, the Superior Court found that notwithstanding the absence of a pre-sentence investigation report, the record appropriately "reflects the court's reasons for the sentence and its consideration of the circumstances of the offense and [Wiggins'] character." Id. at 12.

Petitioner attempted to file an untimely petition for allowance of appeal with the Pennsylvania Supreme Court approximately five months after the Superior Court affirmed the judgment of sentence. However, because Wiggins did not explain the reasons for his failure to file a timely petition for allowance of appeal, the Supreme Court did not docket the petition and returned the petition to him. See Pa. Sup. Ct. letter dated April 29, 2013. Pet. at 20.

On December 16, 2013, Wiggins filed the instant petition for writ of habeas corpus contending that his sentence violates the Due Process Clause of the Fourteenth Amendment.[2] Petitioner's due process claim is premised upon the same arguments he raised in state court, namely that his sentence was excessive, not individualized and the sentencing court did not have the benefit of a pre-sentencing report, which in light of his mental health history, it should have considered before sentencing him. Respondents assert that the petition is untimely, non-cognizable and procedurally defaulted.

---

[2] Wiggins' habeas petition was docketed on December 20, 2013. Following his initial filing, an order was entered directing that Wiggins be provided with the standard form petition, which he filed on February 20, 2014. However, since his original petition is dated December 16, 2013, I will apply the "prisoner mailbox rule" and use the earlier date. See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).

**II.     DISCUSSION**

    **A. Timeliness**

With the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress enacted a one-year limitations period for federal habeas corpus petitions. 28 U.S.C. § 2244(d). Under the AEDPA:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
>
> (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Most commonly, the one-year period begins to run on the date the judgment became final in the state courts. 28 U.S.C. § 2244(d)(1)(A) and (d)(2). Here, Petitioner's conviction became final on September 20, 2012, 30 days after the Pennsylvania Superior Court affirmed the judgment of sentence. See Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (judgment becomes final at the conclusion of direct review or the expiration of time for filing such review, including the time for filing a petition for writ of certiorari in the United States Supreme Court); Pa. R. App. P. 113(a) (time for filing petition for allowance of appeal is 30 days).

In the case at bar, Wiggins contends that his habeas petition is timely because "the last Order" in this case was the Pennsylvania Supreme Court's April 29, 2013 order denying his petition for allowance of appeal nunc pro tunc. Pet. at 17. This assertion, however, is meritless. Wiggins' petition for allowance of appeal was filed well after the Pennsylvania Superior Court's judgment of sentence became final on September 20, 2012. The petition for allowance of appeal was never docketed nor ruled upon by the Pennsylvania Supreme Court. Instead, because Wiggins did not explain the reasons for his failure to file a timely petition for allowance of appeal, the Supreme Court returned the petition to him under cover of letter dated April 29, 2013. Petitioner, therefore, had one year from the date the judgment of sentence became final, or until September 20, 2013, to file a federal habeas petition.

### B. Statutory Tolling

The AEDPA also creates a tolling exception providing that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). Accordingly, "[w]hen a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of 28 U.S.C. § 2244(d)(2)." Pace v. DiGuglielmo, 541 U.S. 408, 414 (2005) (quotations omitted); see also Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003) (if a petitioner files an out-of-time application and the state court dismisses it as time-barred, then it is not deemed to be a "properly-filed application" for tolling purposes). In determining whether a state PCRA petition is properly filed, "'we must look to state law governing when a petition for collateral relief is

properly filed' and 'defer to a state's highest court when it rules on an issue.'" Merritt, 326 F.3d at 165 (quoting Fahy v. Horn, 240 F.3d 239, 243-44 (3d Cir. 2001)).

Here, Wiggins did not file a petition for collateral review after the Pennsylvania Superior Court affirmed his judgment of sentence and while the federal limitations period was running. His only PCRA petition resulted in reinstatement of his appellate rights, prior to his judgment becoming final. Accordingly, Petitioner cannot invoke the statutory tolling exception. Unless Wiggins qualifies for equitable tolling, his habeas petition is time-barred.

### C. Equitable Tolling

The AEDPA statute of limitations is subject to equitable tolling only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Miller v. N. J. State Dept. of Corr., 145 F.3d 616, 618 (3d Cir. 1998). The petitioner "must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal quotation omitted). The United States Court of Appeals for the Third Circuit has set forth three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d at 244 (citing cases). To otherwise apply equity would "loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

In this case, Petitioner simply has not demonstrated that he pursued his rights diligently or that there were extraordinary circumstances beyond his control that prevented him from filing his habeas petition in a timely manner. Consequently, Wiggins is not entitled to equitable tolling. Petitioner's federal limitations period expired on September 20, 2013 and his habeas petition, filed on December 16, 2013, was 87 days too late.[3]

### III. CONCLUSION

As set forth above, Wiggins' habeas petition is untimely. Additionally, there is no justification to invoke this court's equitable tolling powers. Accordingly, I make the following:

---

[3] Respondents correctly maintain that even if the petition was considered to be timely, Wiggins' claim is either non-cognizable or procedurally defaulted. Although Wiggins references the Fourteenth Amendment and "due process" in his petition, his due process claim is premised upon the same arguments he presented in the state courts challenging the discretion of the trial court. Consequently, such a claim dealing with a state court determination on a state law question is not cognizable in a federal habeas petition. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding that federal habeas relief does not lie for errors of state law, but is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States). Further, I agree with Respondents that to the extent Petitioner is now raising a violation of a federal constitutional right, the claim is procedurally defaulted. Wiggins did not pursue a federal claim in the state courts and his time for doing so has now expired. See 42 Pa. Cons. Stat. § 9545(b)(1) (requiring PCRA petition to be filed within one year from the date judgment of sentence becomes final). To survive procedural default in the federal courts, a petitioner must either "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). To establish the fundamental miscarriage of justice exception, a petitioner must demonstrate his or her "actual innocence." Schlup v. Delo, 513 U.S. 298, 324 (1995); Calderon v. Thompson, 523 U.S. 558, 559 (1998). "'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Id. Petitioner has not shown cause and prejudice and has failed to present any new and reliable evidence that demonstrates he is in fact innocent. Therefore, we agree that to the extent he is making a federal due process claim, even if it was timely, it remains procedurally defaulted.

## **R E C O M M E N D A T I O N**

AND NOW, this 29th day of July, 2014, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DENIED.  There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.  The Petitioner may file objections to this Report and Recommendation.  See Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

>*/s/ Marilyn Heffley*
>MARILYN HEFFLEY
>UNITED STATES MAGISTRATE JUDGE